# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LERONE GIBSON,

     Petitioner,

vs.

WARDEN LEGRAND, et al.,

     Respondents.

Case No. 3:12-cv-00606-LRH-VPC

**ORDER**

     The court denied petitioner's application to proceed <u>in forma pauperis</u> (#2) and directed petitioner to pay the filing fee.  Order (#3).  Petitioner has not paid the filing fee within the allotted time, and the court will dismiss the action.

     Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

     IT IS THEREFORE ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

     IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order.  No response is required.

     IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice for petitioner's failure to pay the filing fee.  The clerk of the court shall enter judgment accordingly.

///

///

///

1    IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

2    DATED this 6th day of February, 2013.

3

4    _____

5    LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

*File Copy requested back please*

Name *Lerone Gibson*

Prison Number *# 1058549*

Place of Confinement *Lovelock Correctional*

FILED _____
ENTERED _____
_____ RECEIVED
_____ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 1 5 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ No form _____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

*Lerone Gibson*, Petitioner, )
(Full Name)                  )
                             )
vs.                          )
                             )
*Warden Legrand*, Respondent, )
(Name of Warden, Superintendent, jailor or )
authorized person having custody of petitioner) )
                             )
        and                  )
                             )
The Attorney General of the State of Nevada )

3:12-cv-00606

CASE NO. __
(To be supplied by the Clerk)

**PETITION FOR A
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY
( NOT SENTENCED TO DEATH)**

-------------------------------------

1.  Name and location of court, and name of judge, that entered the judgment of conviction you are challenging: *Eighth District (Judge Bell)*

2.  Full date judgment of conviction was entered: *10 / 13 / 10* . (month/day/year)

3.  Did you appeal the conviction? *X* Yes ___ No. Date appeal decided: *8 / 12 / 11* .

4.  Did you file a petition for post-conviction relief or petition for habeas corpus in the state court? *X* Yes ___ No. If yes, name the court and date the petition was filed: *8th Dist. Court    8 / 6 / 12* . Did you appeal from the denial of the petition for post-conviction relief or petition for writ of habeas corpus? ___ Yes *X* No. Date the appeal was decided: ___ / ___ / ___ . Have all of the grounds stated in this petition been presented to the state supreme court? ___ Yes ___ No. If no, which grounds have not? *See Ground (3)*

5.  Date you are mailing (or handing to correctional officer) this petition to this court: *11 / 12 / 12* .

    **Attach to this petition a copy of all state court written decisions regarding this conviction.**

LCC LL FORM 36.068

6. Is this the first federal petition for writ of habeas corpus challenging this conviction? __X__ Yes
___ No.   If no, what was the prior case number ? _____.  And in what court was

the   prior action filed? _____

Was the prior action ___ denied on the merits or ___ dismissed for procedural reasons (check one).  Date of decision: ___ / ___ / ___.   Are any of the issues in this petition raised in the prior petition? ___ Yes ___ No.   If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition? ___ Yes ___ No.

7. Do you have any petition, application, motion or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action? __X__ Yes ___ No.
If yes, state the name of the court and the nature of the proceedings: _____
___8th DISTRICT COURT  ( WRIT OF HABEAS )_____

8. Case number of the judgment of conviction being challenged: ___57193_____

9. Length and terms of sentence(s): __(62) 2 to 6 yrs_____

10. Start date and projected release date: __3/10/10 – 6/4/13_____

11. What was (were) the offense(s) for which you were convicted: _____
___CHILD ABUSE / CHILD NEGLECT_____

12. What was your plea? ___ Guilty __X__ Not Guilty ___ Nolo Contendere. If you pleaded guilty or nolo contendere pursuant to a plea bargain, state the terms and conditions of the agreement:

_____

13. Who was the attorney that represented you in the proceedings in state court? Identify whether the attorney was appointed, retained, or whether you represented yourself *pro se* (without counsel).

| | Name of Attorney | Appointed | Retained | *Pro se* |
|---|---|---|---|---|
| arraignment and plea | WARREN GELLER | X | ___ | ___ |
| trial/guilty plea | SAME | X | ___ | ___ |
| sentencing | SAME | X | ___ | ___ |
| direct appeal | AUDREY CONWAY | X | ___ | ___ |
| 1st post-conviction petition | PRO PER | ___ | ___ | X |
| appeal from post conviction | | ___ | ___ | ___ |
| 2nd post-conviction petition | | ___ | ___ | ___ |
| appeal from 2nd post-conviction | | ___ | ___ | ___ |

2

State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 1.

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my ___14th___ Amendment right to ___Due Process___ based on these facts:

(1.) Throughout The Trial The states Burden of Proof was minimized due to improper Jury instructions. As a Direct result of abuse of Discretion in Denying the Defenses proposed Defenses theory of the case (McGwire, 502 U.S. 62). The Court Further impeded the Defenses by not allowing the Jury to hear the requisite intent instruction necessary to prove beyond a reasonable doubt that a crime was comitted (Winship, 397 US, 358). also the Court failed to allow the Jury to be presented with an instruction for a lesser-Related offense. most imperative but not allowed was the proposed instruction pursivant to (N.R.S. 432B.150) which would have substant iated the Defense theory of Corrporal punishment. (Solomon, 825 F. 2a. 1292).

(2.) The Court allowed the lay testimony of a prosecution witness to attest to the causation of the injuries Therby Bolstering the State case with unqualified expert -like testimony.

(3.) During the testimony of above-mentioned (cps investig- ater-Simmons) there was a reference made to previouss scarring without reguard for an explanation as to cause. this Constituted in the mind of jurors that the petitioner

LCC LL FORM 36.006

State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

### GROUND *1.* *(Continued)*

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my _____*14th*_____ Amendment right to ____*Due process*____,

based on these facts:

had previously abused his child. there were no safe-guards implemented, and even though the Judge sustained the objection, damages were severe enough to warrant a mis-trial (*arizona, 434 US, 497*). this evidence should not have been allowed without determining first that a prior bad act occured.

(4.) The state failed to provide discovery of documents that were later used before the jury.. (attendance record)

LCC LL FORM 36.006

**Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

_X_ Yes  ___ No.  If no, explain why not:  _____

_____

**First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

_X_ Yes  ___ No.  If no, explain why not:  _____

If yes, name of court: _8 EH DIST COURT_  date petition filed _8 / 6 / 12_.

Did you receive an evidentiary hearing? ___ Yes  _X_ No.  Did you appeal to the Nevada Supreme

Court?___ Yes  _X_ No.  If no, explain why not:  _(SEE GROUND - 3)_

If yes, did you raise this issue?___ Yes  ___ No.  If no, explain why not:  _____

_____

**Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes  _X_ No.  If yes, explain why:  _____

If yes, name of court: _____  date petition filed ___ / ___ / ___.

Did you receive an evidentiary hearing? ___ Yes  ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes  ___ No.  If no, explain why not:  _____

If yes, did you raise this issue?___ Yes  ___ No.  If no, explain why not:  _____

**Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or
sentence overturned based on this issue (such as administrative remedies)?  ___ Yes  _X_ No.  If yes,
explain:  _____

_____

**State concisely every ground for which you claim that the state court conviction and/or sentence is**

unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 2

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my
_____ 6th _____ Amendment right to _Confrontation Clause_, based on these facts:

The Court allowed hearsay testimony regarding the attendance of Sholie to show neglect, however the teacher who actually took the roll call was available, and the court should have allowed the Defense an opportunity to cross examine that person. the testimony of a witness used to implicate a defendant Becomes testimonial as such (Crawford 541 US. 36) thus if the witness is available they must be presented. the court allowed multiple hearsay statements to be introduced thereby it cannot be deemed Harmless. When this was the only evidence presented.

Exhaustion of state court remedies regarding Ground 2:

► Direct Appeal:

5

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

_X_ Yes ___ No. If no, explain why not: _____

_____

▸    **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

_X_ Yes ___ No. If no, explain why not: _____

If yes, name of court: _8 th DIST - COURT_ date petition filed _8 / 6 / 12_

Did you receive an evidentiary hearing? ___ Yes _X_ No. Did you appeal to the Nevada Supreme

Court?___ Yes _X_ No. If no, explain why not: _(SEE GROUND - 3)_

If yes, did you raise this issue?___ Yes ___ No. If no, explain why not: _____

_____

▸    **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes _X_ No. If yes, explain why: _____

If yes, name of court: _____ date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes ___ No. Did you appeal to the Nevada Supreme

Court?___ Yes ___ No. If no, explain why not: _____

If yes, did you raise this issue?___ Yes ___ No. If no, explain why not: _____

_____

▸    **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)? ___ Yes _X_ No. If yes,

explain: _____

_____

**State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two**

6

extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 3

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my

__14th-5th_____ Amendment right to _Due process_____,

based on these facts:

Petitioner delivered to prison officials his state habeas on (8-6-12)(see exhibit A) However The clerk of the Court did not file it until (8-31-12) Two months later the state recommended that the petition be barred as untimely (see exhibit B). 2244(d)(2) states that the time for filing a Federal writ does not start until after direct review (Jimenez 171 L.Ed 2d, 475) and or after a properly filed collateral review. with that established if the state is allowed to time bar petitioners state habeas, in order to prevent being barred Federally a mixed petition is requested until Denial of the state Habeas (Rhines, 544 us 269, 278) or in the alternative order the state court to review the state habeas on its merits due to compliance with (FRAP 25) as well as case Law (Houston, 108 S. ot 2379) (Fallen 84 s. ct. 1689)

Exhaustion of state court remedies regarding Ground 3:

▸     **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes  X  No.  If no, explain why not:  *IAC / NOT ALLOWED*

---

► **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

X  Yes  ___  No.  If no, explain why not:  _____

---

If yes, name of court:  *8th DIST COURT*  date petition filed  *8 / 6 / 12*.

Did you receive an evidentiary hearing?  ___ Yes  X  No.  Did you appeal to the Nevada Supreme

Court?___ Yes  X  No.  If no, explain why not:  *ISSUE BEFORE THIS COURT*

If yes, did you raise this issue?___ Yes  ___ No.  If no, explain why not:  _____

---

► **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes  X  No.  If yes, explain why:  _____

---

If yes, name of court:  _____  date petition filed  ___ / ___ / ___.

Did you receive an evidentiary hearing?  ___ Yes  ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes  ___ No.  If no, explain why not:  _____

If yes, did you raise this issue?___ Yes  ___ No.  If no, explain why not:  _____

---

► **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  ___ Yes  X  No.  If yes,

explain:  _____

---

**WHEREFORE,** petitioner prays that the court will grant him such relief to which he is

entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in

state custody.

*Jerone Gibson*

ANTHONY THOMAS
(Name of person who wrote this
   complaint if not Plaintiff)

*Jerone Gibson*
(Signature of Plaintiff)

10/30/12
(Date)

_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)

## DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at _LOVELOCK_____ on _10/30/12_____.
                        (Location)                                    (Date)

*Jerone Gibson*

(Signature)                              1068549
                                    (Inmate prison number)

I do certify that I mailed a true and correct copy of the foregoing Habeas corpus to the Attorney General's officer on this **7th** day of **NOV, 2012**, by placing same into the hands of prison staff for posting in the U.S. mail, Pursuant to FRCP 5(b).

9



# IN THE SUPREME COURT OF THE STATE OF NEVADA

LERONE GIBSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 57193

**FILED**

JUL 15 2011

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of child abuse and one count of child neglect. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

### Sufficiency of the evidence

Appellant Lerone Gibson contends that insufficient evidence supports his child neglect conviction because the State failed to prove that he willfully allowed S.G. to miss a year of school. We disagree, because the evidence, when viewed in the light most favorable to the State, is sufficient to support this conviction beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Origel-Candido v. State, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

At trial, the State introduced evidence demonstrating that Gibson's daughter S.G. missed at least 47 days of school during the second semester of the 2008-2009 school year. The jury heard testimony that once a student misses 10 days of school he or she cannot get credit for that semester, S.G. got F grades due to her absences, S.G. often stayed home to take care of her dad or to help him with her siblings or around the house, and when S.G. stayed home from school Gibson was home too. From this

11-21334

evidence a rational juror could reasonably infer that Gibson committed child neglect. <u>See</u> NRS 200.508(2). It is for the trier of fact to determine the weight and credibility to give to conflicting testimony and the jury's verdict will not be disturbed where, as here, substantial evidence supports the verdict. <u>Bolden v. State</u>, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Gibson also contends that insufficient evidence supports his convictions for child abuse because he was acting as a disciplinarian when he hit the children and corporal punishment alone does not constitute child abuse. We disagree.

The jury heard testimony that Gibson hit J.G., who was approximately ten years old, two to three times with an extension cord for wearing a weather-inappropriate top and not combing her hair before school. Gibson hit eleven-year-old L.G. at least once with an extension cord for not combing his hair before school. The jury saw pictures of both of the childrens' red, welted, and bleeding wounds. From this evidence a rational juror could reasonably infer that Gibson committed child abuse. <u>See</u> NRS 200.508(1).

<u>Jury instructions</u>

Gibson alleges that the district court erred by declining to give several of his proposed jury instructions. We review the "district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion." <u>Ouanbengboune v. State</u>, 125 Nev. ___, ___, 220 P.3d 1122, 1129 (2009).

First, Gibson contends that the district court erred by denying his proposed instruction on two reasonable interpretations because it minimized the State's burden of proof. We conclude that the district court did not abuse its discretion because the jury was properly instructed on



X not True

reasonable doubt. <u>See</u> NRS 175.211(1); <u>Bails v. State</u>, 92 Nev. 95, 97-98, 545 P.2d 1155, 1156 (1976).

Second, Gibson alleges that the district court erred by declining to give his proposed instructions "which set forth the defense theory of the case that the State had not proven each and every element of the charged crimes." Gibson also asserts that the court erred by denying his instructions regarding reasonable corporal punishment and the State's burden to prove intent. We conclude that the court did not abuse its discretion by declining to give these instructions because they contained inaccurate or misleading statements of the law. <u>See</u> NRS 200.508(1), (2); NRS 432B.150; <u>Crawford v. State</u>, 121 Nev. 744, 754, 121 P.3d 582, 589 (2005); <u>Childers v. State</u>, 100 Nev. 280, 282-83, 680 P.2d 598, 599 (1984) (discussing the requisite intent for conviction under child abuse statute).

Third, Gibson contends that the district court should have given his proposed instruction defining the word "intent" because it accurately cited the discussion of the nature of mens rea in <u>Finger v. State</u>, 117 Nev. 548, 570, 27 P.3d 66, 81 (2001). <u>Finger</u> involved a discussion of mens rea in the context of the insanity defense, Gibson did not raise an insanity defense, and the proposed instruction was contrary to an instruction defining intent previously approved by this court for use in a child abuse prosecution. <u>See</u> <u>Childers</u>, 100 Nev. at 282-83, 680 P.2d at 599; <u>see also</u> <u>Crawford</u>, 121 Nev. at 754, 121 P.3d at 589. Thus, the district court did not abuse its discretion by declining this instruction.

Fourth, Gibson alleges that the district court erred by declining to give his proposed instructions on battery. A defendant is not entitled to an instruction on a lesser-related offense. <u>Peck v. State</u>, 116 Nev. 840, 845, 7 P.3d 470, 473 (2000), <u>overruled on other grounds by</u> <u>Rosas</u>

v. State, 122 Nev. 1258, 147 P.3d 1101 (2006). Accordingly, Gibson has failed to demonstrate an abuse of discretion. To the extent Gibson invites this court to require that juries be instructed on lesser-related offenses, we decline his invitation.

Fifth, Gibson contends that the district court erred by declining to give his proposed reverse flight instruction. Gibson cites no authority requiring the giving of such an instruction and we conclude he has failed to demonstrate that the district court abused its discretion.

School attendance records

Gibson asserts that the district court erred by admitting S.G.'s school records because they contain multiple hearsay statements. We disagree. The attendance officer testified that attendance is taken on a daily basis by classroom teachers and inputted into the school district computer system which generates the attendance records. Therefore, the records fall within the business records exception to the hearsay rule, see NRS 51.135, and the district court did not abuse its discretion by admitting them, see Chavez v. State, 125 Nev. ___, ___, 213 P.3d 476, 484 (2009) (the evidentiary rulings of the district court are reviewed for an abuse of discretion).

Gibson also contends that the admission of S.G.'s school attendance records through a school district attendance officer violated the Confrontation Clause because he did not have an opportunity to confront the persons who actually entered the data. Whether a defendant's Confrontation Clause rights were violated is a question of law subject to de novo review. Id. We conclude that the assertions made in the attendance records were not testimonial within the meaning of the Confrontation Clause because an objective witness would not reasonably

believe that the records could be used in a future trial. <u>See Melendez-Diaz</u> <u>v. Massachusetts</u>, 557 U.S. __, __, 129 S. Ct. 2527, 2539-40 (2009) (noting that business records are generally not testimonial in nature); <u>Harkins v. State</u>, 122 Nev. 974, 987, 143 P.3d 706, 714 (2006) (identifying the relevant factors to be used in determining whether a hearsay statement is testimonial). Accordingly, the attendance records were not subject to the Confrontation Clause and Gibson was not entitled to cross-examine the persons who entered the data reflected in the records, <u>see</u> <u>Davis v. Washington</u>, 547 U.S. 813, 821 (2006) (only testimonial hearsay is subject to the Confrontation Clause).

   Finally, Gibson asserts that the district court erred by denying his motion for a mistrial based on the State's pretrial disclosure of a different version of the attendance records than was admitted at trial. The decision to deny a mistrial is within the discretion of the district court and this court will not disturb the district court's decision "absent a clear showing of abuse." <u>Rose v. State</u>, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007) (internal quotation marks omitted). The district court examined both versions of the attendance records, determined that they contained the same information but were formatted differently, and denied the motion for mistrial. We conclude that Gibson has failed to demonstrate an abuse of discretion.

Testimony of CPS investigator

   Gibson alleges that the district court erred by allowing the Child Protective Services (CPS) investigator to testify as an expert witness regarding the cause of J.G.'s wounds. The district court overruled Gibson's objection and allowed the investigator to offer her opinion that the wounds were consistent with being struck with an extension cord. We

conclude Gibson has failed to demonstrate that the district court abused its discretion in this regard because the opinion was not based on specialized, technical, or scientific knowledge. See NRS 50.275; Thompson v. State, 125 Nev. ___, ___, 221 P.3d 708, 713 (2009).

Gibson also asserts that the district court erred by allowing the investigator to speculate regarding the nature of the injury to J.G.'s leg. We disagree. The investigator testified that she took pictures of J.G.'s injuries, the pictures accurately depicted the injuries, and described the injury shown in one of the photographs. Gibson has failed to demonstrate that the district court abused its discretion by allowing this testimony because the investigator's testimony demonstrated that she had personal knowledge of the nature of the injury described. See NRS 50.025.

Bad act evidence

Gibson contends that the district court erred by denying his motion for a mistrial after the CPS investigator, while describing a photograph of L.G.'s injuries, mentioned "old scarring." The district court denied Gibson's motion for a mistrial, noting that the photograph was admitted without objection, the jurors could see whatever was visible in the photograph, and it had sustained Gibson's objection and instructed the jury to disregard the investigator's comment. The district court did not abuse its discretion by denying Gibson's motion for a mistrial. See Sterling v. State, 108 Nev. 391, 394, 834 P.2d 400, 402 (1992) (inadvertent references to prior bad acts, not solicited by the State, can be cured by immediately admonishing the jury to disregard the statement).

Prosecutorial misconduct

Gibson contends that the prosecutor engaged in misconduct during closing argument by displaying a power point slide that stated

Gibson never enrolled S.G. in home school. The district court sustained Gibson's objection and instructed the jury to disregard the statement. Even assuming that the prosecutor's statement was improper, we conclude that Gibson has failed to demonstrate prejudice, and no relief is warranted. See Browning v. State, 124 Nev. 517, 533, 188 P.3d 60, 72 (2008) ("[P]rejudice from prosecutorial misconduct results when a prosecutor's statements so infect the proceedings with unfairness as to make the results a denial of due process." (alteration omitted) (internal quotation marks omitted)); Valdez v. State, 124 Nev. 1172, 1193-94, 196 P.3d 465, 479 (2008) (finding no prejudice resulting from prosecutorial misconduct where objection was sustained and the jury instructed to disregard the comment).

Having considered Gibson's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.                    _____, J.
Hardesty                               Parraguirre

cc:   Hon. Linda Marie Bell, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

*EXH A.*

#1.1B   #22 A

mailed out
rec'd  #1023151

## STATE OF NEVADA
## DEPARTMENT OF CORRECTIONS
## INMATE ACCOUNT TRANSACTION
### REQUEST

Date 8/6/12    № 1809214

To: Inmate Services

I hereby authorize my account to be charged in the amount

of $12.804 (                    Dollars)

Please pay to: NDOC

Signature *Trione Gibson*

Print name  Trione Gibson

ID No. 1053045    Institution   L.C.C.

Approved by

| Transfer | Purchase Order | Postage | Other |
|----------|----------------|---------|-------|
|          |                | Legal 12 |       |

White: Inmate Services
Canary: Institutional Copy
Pink: Inmate

DOC 509 (Rev 2/06)

# NDOC LOVELOCK CORRECTIONAL CENTER
## LAW LIBRARY SUPERVISOR P. FEIL
### OUTGOING LEGAL MAIL LOG

| INMATE NAME: | DOC# | MAILED TO: | DATE: |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| GIBSON-12 | 1058549 | CLARK COUNTY DA-LVNV 89119 | 08/06/12 |
| GIBSON-15 | 1058549 | 8TH JUD DIST CT-LVNV 89155 | 08/06/12 |
| | | | |

*EXH B.*

Electronically Filed
10/11/2012 02:46:47 PM

*Steven D. Grimm*

CLERK OF THE COURT

1    **RSPN**
     STEVEN B. WOLFSON
2    Clark County District Attorney
     Nevada Bar #001565
3    FRANK M. PONTICELLO
     Chief Deputy District Attorney
4    Nevada Bar #000370
     200 Lewis Avenue
5    Las Vegas, Nevada 89155-2212
     (702) 671-2500
6    Attorney for Plaintiff

7
                          DISTRICT COURT
8                       CLARK COUNTY, NEVADA

9
     THE STATE OF NEVADA,
10
                    Plaintiff,
11
            -vs-                              CASE NO:    10C263157
12
     LERONE GIBSON,                          DEPT NO:    IX
13   #1815884

14                  Defendant.

15   STATE'S RESPONSE AND MOTION TO DISMISS DEFENDANT'S PETITION FOR

16                 WRIT OF HABEAS CORPUS (POST CONVICTION)

17              DATE OF HEARING: NOVEMBER 7, 2012
                TIME OF HEARING: 9:00 A.M.
18

19          COMES NOW, the State of Nevada, by STEVEN B. WOLFSON, Clark County

20   District Attorney, through FRANK M. PONTICELLO, Chief Deputy District Attorney, and

21   hereby submits the attached Points and Authorities in Opposition to Defendant's Petition for

22   Writ of Habeas Corpus.

23          This Response is made and based upon all the papers and pleadings on file herein, the

24   attached points and authorities in support hereof, and oral argument at the time of hearing, if

25   deemed necessary by this Honorable Court.

26   / / /

27   / / /

28   / / /

C:\Program Files\Neevia.Com\Document Converter\temp\3509987-4139031.DOC

1   **POINTS AND AUTHORITIES**

2   **STATEMENT OF THE CASE**

3        On March 30, 2010, the State filed an Information charging Lerone Gibson

4   ("Defendant") with two counts of Child Abuse (Felony – NRS 200.508) and one count of

5   Child Neglect (Gross Misdemeanor – NRS 200.508).  On July 21, 2010, following trial, the

6   jury returned a verdict of guilty on all counts.  On October 6, 2010, Appellant was sentenced

7   as follows:  in addition to the $25 Administrative Assessment fee and $150 DNA analysis

8   fee, as to Count I – to a minimum of twenty-four (24) and a maximum of seventy-two (72)

9   months in the Nevada Department of Corrections, as to Count II – to a minimum of twenty-

10  four (24) and a maximum of seventy-two (72) months in the Nevada Department of

11  Corrections, Count II to run concurrent with Count I, and to Count III – twelve (12) months

12  in the Clark County Detention Center, Count III to run concurrent with Count I and Count II,

13  Defendant granted two hundred sixteen (216) days credit for time served.  Judgment of

14  Conviction was filed on October 13, 2010.

15       On November 9, 2010, Defendant filed a Notice of Appeal.  On July 15, 2011, the

16  Nevada Supreme Court issued an Order affirming Defendant's convictions.  Remittitur issued on

17  August 12, 2011. On September 21, 2011, Defendant filed a Motion to Withdraw Counsel and

18  on October 5, 2011, that motion was granted.  On August 31, 2012, Defendant filed the instant

19  Petition for Writ of Habeas Corpus to which the State's response follows.

20  **ARGUMENT**

21  **I.   DEFENDANT'S PETITION IS TIME BARRED UNDER NEVADA
     REVISED STATUTE 34.726.**

22

23      Defendant's Petition for Writ of Habeas Corpus is time barred with no good cause

24  shown for delay.  Pursuant to NRS 34.726:

25        1.   Unless there is good cause shown for delay, a petition that
     challenges the validity of a judgment or sentence must be filed

26  within 1 year of the entry of the judgment of conviction or, if an
     appeal has been taken from the judgment, within 1 year after the

27  Supreme Court issues its remittitur.  For the purposes of this
     subsection, good cause for delay exists if the petitioner

28  demonstrates to the satisfaction of the court:

1                  (a)     That the delay is not the fault of the petitioner; and

2                  (b)     That dismissal of the petition as untimely will unduly prejudice the petitioner.

3

4        Here, the Defendant's petition does not fall within this statutory time limitation.

5 Here, Defendant failed to file the instant Petition until over one year after Remittur was

6 issued in the affirmance of his convictions; thus, the instant Petition is late and therefore

7 untimely. The Supreme Court of Nevada has held that NRS 34.726 should be construed by

8 its plain meaning. Pellegrini v. State, 117 Nev. 860, 873, 34 P.3d 519, 528 (2001).  As per

9 the language of the statute, the one-year time bar proscribed by NRS 34.726 begins to run

10 from the date the judgment of conviction is filed or a remittitur from a timely direct appeal is

11 filed. Dickerson v. State, 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998).  The instant

12 Petition was not filed until August 31, 2012. This is beyond the one-year time frame.

13        Additionally, the one-year time limit for preparing petitions for post-conviction relief

14 under NRS 34.726 is strictly applied.  In Gonzales v. State, 118 Nev. 590, 53 P.3d 901

15 (2002), the Nevada Supreme Court rejected a habeas petition that was filed two (2) days late

16 despite evidence presented by the defendant that he purchased postage through the prison

17 and mailed the Notice within the one-year time limit. The Petition in this case was filed over

18 twelve (12) years late.

19        Furthermore, the Nevada Supreme Court has held that the district court has *a duty* to

20 consider whether a defendant's post-conviction petition claims are procedurally barred. State

21 v. Eighth Judicial District Court, 121 Nev. 225, 112 P.3d 1070 (2005). The Court found that

22 "[a]pplication of the statutory procedural default rules to post-conviction habeas petitions is

23 mandatory," noting:

24                  Habeas corpus petitions that are filed many years after conviction

25                  are an unreasonable burden on the criminal justice system. The necessity for a workable system dictates that there must exist a

26                  time when a criminal conviction is final.

27 121 Nev. at 231, 112 P.3d at 1074. Additionally, the Court noted that procedural bars

28 "cannot be ignored [by the district court] when properly raised by the State." 121 Nev. at

C:\Program Files\Nevvis.Court\Document Converter\temp\3509987-4139031.DOC

1    233, 112 P.3d at 1075. The Nevada Supreme Court has granted no discretion to the district

2    courts regarding whether to apply the statutory procedural bars; the rules *must* be applied.

3          In this case, Defendant filed the instant Petition for Writ of Habeas Corpus outside of

4    the one-year time limit. Remittitur from the Order of affirming Defendant's convictions was

5    entered on August 12, 2011. Defendant did not file the instant Petition until August 31,

6    2012, which is over the one-year time prescribed in NRS 34.726. Absent a showing of good

7    cause for this delay, Defendant's claim must be dismissed because of its tardy filing.

8    **II.     DEFENDANT HAS NOT SHOWN GOOD CAUSE FOR THE DELAYED
9              FILING OF THIS PETITION.**

10         In the instant Petition, Defendant has not established good cause for the delay in filing

11   the Petition. "Generally, 'good cause' means a 'substantial reason; one that affords a legal

12   excuse.'" Hathaway v. State, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) *quoting* Colley v.

13   State, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989). "In order to demonstrate good cause,

14   a petitioner must show that an impediment external to the defense prevented him or her from

15   complying with State procedural default rules." Hathaway, 71 P.3d at 506 *citing* Pellegrini v.

16   State, 117 Nev. 860, 886-87, 34 P.3d 519, 537 (2001); Lozada v. State, 110 Nev. 349, 353,

17   871 P.2d 944, 946 (1994); Passanisi v. Director, 105 Nev. 63, 66, 769 P.2d 72, 74 (1989).

18   An impediment external to the defense can be demonstrated by a showing "that the factual or

19   legal basis for the claim was not reasonably available to counsel or that some interference by

20   officials made compliance impracticable." Hathaway, 71 P.3d at 506.

21         In this case, the Defendant has not given any legally relevant excuse for failure to file

22   his Petition in a timely manner. Defendant has not stated any facts that would show good

23   cause for not raising the Constitutional claims in this petition in his prior petition. Defendant

24   does not allege that these Constitutional claims were not available during trial or post

25   conviction. Therefore, since the Defendant cannot show good cause or actual prejudice for

26   failing to comply with the one-year time limit for Petitions, the instant Petition should be

27   dismissed.

28   / / /

C:\Program Files\Neevia.Com\Document Converter\temp\3509987-4139031.DOC

## CONCLUSION

Based on the foregoing arguments, Defendant's Petition for Writ of Habeas Corpus should be DISMISSED.

DATED this____10th_____day of October, 2012.

Respectfully submitted,

STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565

BY   /s/FRANK M. PONTICELLO
FRANK M. PONTICELLO
Chief Deputy District Attorney
Nevada Bar #000370

## CERTIFICATE OF MAILING

I hereby certify that service of the above and foregoing, was made this___11th___day of October, 2012, by depositing a copy in the U.S. Mail, postage pre-paid, addressed to:

LERONE GIBSON #1068549
1200 PRISON RD
LOVELOCK NV 89419

/s/P. Manis
Secretary for the District Attorney's Office

COTTNERK/FMP/pm/L-2

5

C:\Program Files\Neevia.Com\Document Converter\temp\3509987-4139031.DOC